1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                        CENTRAL DISTRICT OF CALIFORNIA

10

11   JOSE GUZMAN SALCEDO,              )        NO. EDCV 06-1068-DDP (AGR)
                                       )
12              Petitioner,            )
                                       )
13        v.                           )
                                       )
14   D.L. OLLISON, Warden,             )        ORDER ADOPTING
                                       )        MAGISTRATE JUDGE'S
15              Respondent.            )        REPORT AND
                                       )        RECOMMENDATION
16                                     )
                                       )
17   _____    )

18        Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file *de*

19   *novo*, including the Petition, the Magistrate Judge's Report and Recommendation

20   ("R&R"), the Objections to the Report and Recommendation filed October 17,

21   2008, and the records and files.  Based upon the Court's *de novo* review, the

22   Court agrees with the recommendation of the Magistrate Judge.

23        The Court notes that Petitioner's summary of proceedings is incorrect.  The

24   Magistrate Judge issued a R&R on January 30, 2008.[1]  Contrary to Petitioner's

25   _____

26        [1]   The year 2007 on page 23 of the R&R is a typographical error.  This
     case was reassigned to Magistrate Judge Rosenberg on March 13, 2007 by
27   Order of the Chief Magistrate Judge.  (Dkt. No. 18.)  The R&R refers to
     Petitioner's Reply, which was not filed until April 6, 2007 (Dkt. No. 22).  (R&R at
28   15 n.4.)  To the extent Petitioner argues that the R&R was issued on January 30,
     2007 and was not filed, the argument is rejected.

1 argument, a Notice of Filing of Magistrate Judge's Report and Recommendation

2 ("Notice") and the R&R are on the case docket.  (Dkt. Nos. 24-25.)  Further,

3 Petitioner's argument that the Court did not provide Petitioner a copy of the R&R

4 is incorrect. The Notice and R&R were mailed to Petitioner and were not returned

5 by the postal service.  (*See* Dkt. No. 29 at 1.)  No objections were received.  On

6 July 21, 2008, the District Judge issued an Order Adopting Magistrate Judge's

7 Report and Recommendation and entered Judgment.  (Dkt. Nos. 26-27.)

8 　　　　On August 7, 2008, Petitioner filed a motion to alter or amend the

9 judgment, in which Petitioner stated that he did not receive the R&R.  (Dkt. No.

10 28.) On September 18, 2008, the District Judge vacated the Order Adopting

11 Magistrate Judge's Report and Recommendation and Judgment, and granted

12 Petitioner leave to file Objections.  (Dkt. No. 29.)  Petitioner filed Objections on

13 October 17, 2008.

14 　　　　**A.　　GROUNDS ONE AND THREE:  Lesser Included Offense**

15 　　　　The Magistrate Judge found that there is no clearly established United

16 States Supreme Court law requiring a lesser included offense instruction in

17 noncapital cases.  (R&R at 7-8.)  In his Objections, Petitioner cites to *Vickers v.*

18 *Ricketts*, 798 F.2d 369 (9th Cir. 1986), *cert. denied*, 479 U.S. 1054 (1987), for the

19 proposition that a trial court's refusal to give an instruction on a lesser included

20 offense violated *Beck v. Alabama*, 447 U.S. 625, 100 S. Ct. 2382, 65 L. Ed. 2d

21 392 (1980).  (Objections at 10.)  Contrary to Petitioner's argument, *Vickers* is a

22 capital case.  *Vickers*, 798 F.2d at 370.  Petitioner's objection is without merit.

23 　　　　**B.　　GROUNDS TWO, FOUR AND SIX:  Sufficiency of the Evidence**

24 　　　　In these grounds, Petitioner claims there was insufficient evidence to

25 support his conviction of assault on a peace officer with a semiautomatic firearm,

26 and insufficient evidence to support the jury's finding that he used a firearm in the

27 commission of assault on a peace officer with a semiautomatic firearm.  (R&R at

28 8-12.)

1   The Objections argue that *People v. Williams*, 26 Cal. 4th 779, 790, 111

2   Cal. Rptr. 2d 114 (2001), "has called into question whether the act of merely

3   pointing a gun at another person constitutes the crime of assault with a deadly

4   weapon." (Objections at 14.)  Petitioner misapprehends *Williams*, which held that

5   "assault does not require a specific intent to cause injury or a subjective

6   awareness of the risk that an injury might occur.  Rather, assault only requires an

7   intentional act and actual knowledge of those facts sufficient to establish that the

8   act by its nature will probably and directly result in the application of physical

9   force against another." *Williams*, 26 Cal. 4th at 790.

10   Contrary to Petitioner's assertion, California law is clear that pointing a gun

11   at a person is sufficient to convict a defendant of assault with a deadly weapon

12   and assault on a peace officer.  In *People v. Raviart*, 93 Cal. App. 4th 258, 112

13   Cal. Rptr. 2d 850 (2001), the defendant was convicted of two counts of assault

14   with a firearm on a peace officer.  The defendant argued that "[t]he only act

15   performed by [defendant] upon which an assault charge could be based was the

16   single act of pointing the gun at Officer Keller." *Id.* at 262.  The court held that

17   "[a]ssault with a deadly weapon can be committed by pointing a gun at another

18   person" and that "it is not [even] necessary to actually point the gun directly at the

19   other person to commit the crime." *Id.* at 263 (internal citation omitted); *see also*

20   *People v. Chance*, 44 Cal. 4th 1164, 1175-76, 81 Cal. Rptr. 3d 723 (2008)

21   (approving *Raviart's* reading of *Williams* and affirming conviction of assault with a

22   firearm on a peace officer).

23   Petitioner's argument that there was insufficient evidence that he "use[d]" a

24   firearm fares no better.[2]  (Objections at 18.)  "[A] defendant uses a firearm by

25

26   [2]  "[A]ny person who, in the commission of a felony specified in subdivision (a), personally uses a firearm, shall be punished by an additional and consecutive

27   term of imprisonment in the state prison for 10 years.  The firearm need not be operable or loaded for this enhancement to apply." Cal. Penal Code §

28   12022.53(b).  Subdivision (a) identifies assault with a firearm on a peace officer in violation of Cal. Penal Code § 245(d) as a qualifying felony. *Id.* § 12022.53(a)(7).

3

1  intentionally displaying it in a menacing manner."  *People v. Grandy*, 144 Cal.
2  App. 4th 33, 42, 50 Cal. Rptr. 3d 189 (2006).

3       For the reasons set forth in the R&R, Petitioner has not shown that the
4  evidence was insufficient for the jury to convict him of assault on a peace officer
5  with a semiautomatic firearm, and to find that Petitioner used a firearm in the
6  commission of assault on a peace officer with a semiautomatic firearm.  (R&R at
7  10-12.)  In assessing a sufficiency-of-the-evidence argument, a reviewing court
8  must give "full play to the responsibility of the trier of fact fairly to resolve conflicts
9  in the testimony, to weigh the evidence, and to draw reasonable inferences from
10 basic facts to ultimate facts."  *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct.
11 2781, 61 L. Ed 2d 560 (1979).  Petitioner's disagreement with the inferences
12 drawn by the jury is insufficient.  Petitioner's objection is without merit.

13       **C.     Grounds Eight and Thirteen:  Illegal Search and Seizure**

14       Petitioner claims that his home was illegally searched.  The Magistrate
15 Judge found that these grounds were barred by *Stone v. Powell*, 428 U.S. 465,
16 481-82, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976).  (R&R at 12-13.)

17       The Objections argue that the limitations on federal habeas review of
18 Fourth Amendment claims articulated in *Stone v. Powell* do not apply to
19 ineffective assistance of counsel claims.  (Objections at 20.)  Petitioner argues
20 that his trial counsel was ineffective in a different criminal case (Case No. FWV
21 025776)[3] for failing to argue that Petitioner's property should have been returned
22 to him after charges in that case were dismissed.  (*Id.* at 20, 23-24.)

23       Petitioner's objection is without merit.  Even assuming Petitioner's counsel
24 was ineffective in a different criminal case, the claim would not be cognizable on
25 federal habeas review in this case because it would not invalidate Petitioner's
26 conviction or change the duration of his confinement in prison.  28 U.S.C. § 2254
27 _____
28      [3]  Petitioner's habeas petition challenges his conviction in Case Nos. FWV
025036 and FWV 026193.  (Lodged Document ("LD") 6 at 1.)

1  (habeas relief available to petitioner "only on the ground that he is in custody in
2  violation of the Constitution or laws or treaties of the United States"); *see*
3  *Crawford v. Bell*, 599 F.2d 890, 891-92 (9th Cir. 1979) ("[T]he writ of habeas
4  corpus is limited to attacks upon the legality or duration of confinement.").
5  Petitioner's objection is without merit.

6        **D.    Ground Ten:  Ineffective Assistance of Counsel**

7        In his Objections, Petitioner raises new reasons why his trial counsel was
8  ineffective that were not set forth in his original petition.  (Objections at 25-26.)
9  Petitioner's attempt to raise new grounds for relief in his Objections is improper.
10 *See Greenhow v. Secretary of Health & Human Servs.*, 863 F.2d 633, 638-39
11 (9th Cir. 1988) ("'[A]llowing parties to litigate fully their case before the
12 magistrate and, if unsuccessful, to change their strategy and present a different
13 theory to the district court would frustrate the purpose of the Magistrates Act."),
14 *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347, 1348
15 (9th Cir. 1992) (en banc) (per curiam), *cert. denied*, 507 U.S. 978 (1993); *see*
16 *also Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) ("A Traverse is
17 not the proper pleading to raise additional grounds for relief."), *cert. denied*, 514
18 U.S. 1026 (1995).

19       Even if Petitioner's new allegations of ineffective assistance of counsel
20 were considered, Ground Ten would be without merit.  In the criminal case in
21 which Petitioner was convicted, Petitioner has not shown any basis for a motion
22 to dismiss the charges under Cal. Penal Code § 995 or at common law.  Trial
23 counsel is not ineffective for failing to file a meritless motion.  *James v. Borg*, 24
24 F.3d 20, 27 (9th Cir.), *cert. denied*, 513 U.S. 935 (1994).

25       Petitioner argues that his counsel should have called a police officer
26 named Zour and Louana as witnesses at his trial.  (Objections at 26.)  According
27 to Petitioner, his daughter-in-law Louana Salcedo ("Louana") called the police on
28 March 10, 2002, at about 8:00 a.m.  Even though a document entitled "911

1    transcript" was identified at Petitioner's trial, it was not a 911 call, but a non-
2    emergency call to the police.[4]  Petitioner alleges that the call was not made at
3    11:00 a.m., as Officer Yoder testified, but at 8:00 a.m.[5]  Petitioner attaches
4    Louana's declaration signed on October 7, 2008; a trial exhibit entitled "911
5    Transcript"; and a computer printout from March 10, 2002, apparently showing a
6    police dispatch starting at about 10:57 a.m.  (Objections, Ex. A.)

7         Petitioner does not explain what Zour's testimony would have been.
8    Presumably, Louana would have testified that she didn't call 911 and that she
9    made the call to the police at 8:00 a.m., not at 11:00 a.m.  Even with this
10   testimony, Petitioner has not established a reasonable probability that the result
11   of the proceeding would have been different.[6]  *Strickland v. Washington*, 466 U.S.
12   668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

13        Petitioner makes a conclusory allegation, without evidentiary support, that
14   his counsel "allowed a trial judge to place a $1 Million bail from one case, to
15   another case without providing a bail hearing."  (Objections at 26.)  Even
16   assuming the allegation were true, Petitioner has failed to show any cognizable
17   prejudice.  *Strickland*, 466 U.S. at 694.

18        Petitioner claims that his trial counsel should have asked that police to
19   bring to court an AK-47 assault rifle seized from Petitioner.[7]  (Objections at 26.)

20

21        [4]  Counsel and the trial judge were aware that it was not a 911 call.  (LD 2
22   at 278.)

23        [5]  At trial, Yoder did not testify that an anonymous call was made at 11:00
     a.m.  (LD 2 at 151-62.)

24        [6]  At trial, Petitioner argued that he thought he was allowed to possess
25   guns because his prior felony convictions were too old.  (LD 2 at 492.)  Petitioner
     also argued that he was allowed to use force to protect his family.  (*Id.* at 493.)
26   Petitioner argued self-defense.  (*Id.* at 494-95.)  He argued that the police used
     excessive force.  (*Id.* at 495.)

27        [7]  Petitioner testified that an assault rifle seized from him belonged to him.
28   (LD 2 at 327.)  According to Petitioner's exhibits, the Return lists two AK-47 rifles
     as having been seized pursuant to the warrant.  (Objections, Ex. B.)

1
2
3

Again, even assuming the allegation to be true, Petitioner has failed to show a reasonable probability that the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

4
5
6
7
8

Petitioner claims that trial counsel should have moved to have Petitioner's money returned when Officer Juarez allegedly testified that he confiscated money.[8] (Objections at 26.) Alternatively, Petitioner argues his counsel should have found out "what the Officer did with the money." (*Id.* at 26-27.) Again, Petitioner fails to show any cognizable prejudice. *Strickland*, 466 U.S. at 694.

9
10
11
12
13
14
15
16
17
18

Finally, Petitioner sets forth a series of financial transactions with his first and second trial counsel. According to Petitioner, he paid his first counsel, Lombardo, $40,000 but still owed her $20,000.[9] Petitioner then retained his second counsel, Bernstein, for $100,000. Lombardo supposedly became angry with Petitioner because Petitioner had still not paid the $20,000, and Lombardo asked another of her clients to "put some pressure on Petitioner's family to get him to pay the $20,000." (Objections at 27.) Petitioner told Bernstein, but "Bernstein did nothing about it." (*Id.*) Petitioner has failed to show a reasonable probability that the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

19

### E.   **Ground Eleven: Competency**

20
21
22
23
24
25

Petitioner's Objections raise new arguments. Petitioner contends that he was not found sane at the time the crimes were committed. (Objections at 28.) Petitioner is incorrect. The jury found that Petitioner was sane at the time he committed the crimes. (LD 1 at 498-99, 514-26; LD 2 at 1038-42.) Petitioner further alleges that there was conflicting evidence as to his sanity. (Objections at

26
27

   [8] Juarez did not testify that he confiscated money from Petitioner. (LD 2 at 267-68.)

28

   [9] Although Petitioner refers to Lombardo as a "him" (Objections at 27), counsel's name was Catherine Lombardo. (LD 1 at 67.)

27-28.)  As noted above, however, it is "the responsibility of the trier of fact fairly
to resolve conflicts in the testimony, to weigh the evidence, and to draw
reasonable inferences from basic facts to ultimate facts."  *Jackson*, 443 U.S. at
319.  Finally, Petitioner contends that there was an agreement with the trial judge
that he plead not guilty by reason of insanity in exchange for commitment to a
mental hospital.  (Objections at 27.)  Petitioner concedes there is no record of any
such agreement or proceeding before the trial judge.  (*Id.*)  Nor does Petitioner
provide any support for his contention that a plea agreement existed or that the
trial judge failed to make a record of it.  Petitioner's objections are without merit.

### F.   Grounds Fourteen, Fifteen and Sixteen

Petitioner's objections under these grounds do not raise new arguments.
The objections are without merit for the reasons stated in the R&R.  (R&R at 16-
23.)

### G.   Grounds Five and Twelve: Cumulative Error

"[T]he combined effect of multiple trial court errors violates due process
where it renders the resulting criminal trial fundamentally unfair."  *Parle v.
Runnels*, 505 F.3d 922, 927 (9th Cir. 2007) (citing *Chambers v. Mississippi*, 410
U.S. 284, 298, 302-03, 93 S. Ct. 1038, 35 L. Ed. 2d 297 (1973)).  Here, the
prosecution's case was strong, and the Court finds no error.  In evaluating all of
Petitioner's grounds, including those articulated for the first time in his objections,
Petitioner has not established cumulative error that "'so infected the trial with
unfairness as to make the resulting conviction a denial of due process.'" *Id.*
(citation omitted).

IT IS ORDERED that Judgment be entered denying the Petition and
dismissing this action with prejudice.

DATED: April 17, 2009

_____
    DEAN D. PREGERSON
    United States District Judge